UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALFONZO D. HARRIS,<br><br>　　　　　　　　　　Plaintiff,<br><br>　　　　-against-<br><br>JOAN BEACH, Drug Court Probation Officer;<br>AVIV SEGAL, Assistant District Attorney,<br><br>　　　　　　　　　　Defendants. | 21-CV-10120 (LTS)<br><br>ORDER OF DISMISSAL |

LAURA TAYLOR SWAIN, Chief United States District Judge:

　　Plaintiff, who is appearing *pro se*, brings this action under 42 U.S.C. § 1983, alleging that Defendants violated his constitutional rights. By order dated November 30, 2021, the Court granted Plaintiff's request to proceed *in forma pauperis* (IFP), that is, without prepayment of fees. The complaint is dismissed for the reasons set forth below.

## STANDARD OF REVIEW

　　The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

**BACKGROUND**

Plaintiff's complaint alleges that, in 2014, he was falsely arrested on a violation of parole or probation, and that he was wrongly convicted after criminal proceedings held in the Dutchess County Court in 2015. Named as Defendants are Dutchess County Assistant District Attorney (ADA) Aviv Segal and Parole Officer (PO) Joan Beach. (ECF 2.) The complaint sets forth the following facts.

In 2014, PO Beach "harassed" Plaintiff while he was on "felony probation" and living in "RSS Housing," which appears to be transitional or supportive housing. (*Id.* at 19-20.)[1] Leneice Jones, an RSS employee, entered Plaintiff's apartment without permission, and found an "unused weight scale that was still in the box, and never used." (*Id.* at 16.) Jones falsely claimed that Plaintiff had cocaine in his apartment. (*Id.*) ADA Segal "prepped" Jones before she testified at Plaintiff's trial, and Beach and Segal relied on Jones's unlawfully obtained evidence to "set [him] up" and falsely convict him. (*Id.*) Segal also failed to turn over to Plaintiff's attorney exculpatory evidence, namely, a negative laboratory test, in violation of *Brady v. Maryland*, 373 U.S. 83 (1963). (*Id.* ¶ IIC.) As a result, Plaintiff "sat in jail while a phony case was put together." (*Id.* ¶ IIIC.) Attached to the complaint are court transcripts from the 2015 Dutchess County proceedings. (*Id.* at 7-13, 28-46.) Plaintiff seeks money damages because he lost his family, home, and all his property, and because "people in the streets tried to kill" him. (*Id.* ¶ IV.)

Plaintiff previously filed a complaint asserting substantially similar claims arising out of the same Dutchess County arrest and prosecution. *See Harris v. Grady*, ECF 1:15-CV 5277, 30 (LAP) (S.D.N.Y. June 8, 2016) (dismissing action, after granting Plaintiff two opportunities to

---

[1] Non-paragraph citations are to the pagination of the Court's Electronic Case Filing system.

amend his complaint, for failure to state a false arrest claim, on immunity grounds, and under the favorable termination rule set forth in *Heck v. Humphrey*, 512 U.S. 477 (1994).[2] (*Harris I*). In the original complaint in *Harris I*, Plaintiff named as defendants, among others, Beach and Dutchess County District Attorney Grady. ECF 1:15-CV-5277, 4. In the second amended complaint, Plaintiff named Beach and Jones. ECF 1:15-CV-5277, 22. In his pleadings in *Harris I*, Plaintiff made the same allegations about Beach[3] and Jones falsely accusing him of having drugs in his apartment, and the Dutchess County District Attorney's Office withholding exculpatory evidence and relying on the false testimony of Beach and Jones to wrongly convict him.[4] ECF 1:15-CV-5277, 28.

## DISCUSSION

The doctrine of claim preclusion, also known as *res judicata*, "bars a plaintiff from relitigating claims against a defendant that it lost in a previous action against the same defendant and claims that the plaintiff could have brought in that earlier action but did not." *Marcel*

---

[2] Under *Heck*, a plaintiff is prohibited from asserting a claim under Section 1983 "for [an] allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid." *Heck*, 512 U.S. at 486 (footnote omitted). A plaintiff may only proceed with such a claim if he can show "that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 487. In *Harris I*, then-Chief Judge Preska held that Plaintiff's claim for damages under Section 1983 was inconsistent with his conviction, and she informed Plaintiff that if he wished to challenge the legality of the conviction, he needed to seek relief under 28 U.S.C. § 2254 after exhausting his state-court remedies. ECF 1:15-CV-5277, 11; ECF 1:15-CV-5277, 25.

[3] In the second amended complaint in 15-CV-5277, Plaintiff identifies this defendant as "Jaun Beach." ECF 1:15-CV-5277, ECF 22.

[4] Plaintiff subsequently filed two other complaints that were dismissed without prejudice as duplicative of 15-CV-5277. *See Harris v. Beach*, ECF 1:15-CV 5380, 2 (LAP) (S.D.N.Y. August 11, 2015), 15-2806 (2d Cir. Jan. 27, 2016) (dismissing appeal as lacking an arguable basis either in law or in fact); *Harris v. Dutchess Cnty. Clerk's Office*, ECF 1:15-CV 8923, 8 (LAP) (S.D.N.Y. Dec. 3, 2015).

*Fashions Grp. Inc. v. Lucky Brand Dungarees, Inc.*, 898 F.3d 232, 236-37 (2d Cir. 2018). The doctrine "'serves the interest of society and litigants in assuring the finality of judgments, [and] also fosters judicial economy and protects the parties from vexatious and expensive litigation.'" *Id.* at 237 (quoting *Curtis v. Citibank, N.A.*, 226 F.3d 133, 138 (2d Cir. 2000)). Claim preclusion generally applies if "(i) an earlier action resulted in an adjudication on the merits; (ii) that earlier action involved the same counterparty or those in privity with them; and (iii) the claim sought to be precluded was raised, or could have been raised, in that earlier action." *Id.*

To determine if a claim could have been raised in an earlier action, courts look to whether the present claim arises out of the same transaction or series of transactions asserted in the earlier action, *see Pike v. Freeman,* 266 F.3d 78, 91 (2d Cir. 2001), or, in other words, whether facts essential to the second suit were present in the first suit, *NLRB v. United Techs. Corp.*, 706 F.2d 1254, 1260 (2d Cir. 1983). "A party cannot avoid the preclusive effect of *res judicata* by asserting a new theory or a different remedy." *Brown Media Corp. v. K&L Gates, LLP*, 854 F.3d 150, 157 (2d Cir. 2017) (internal quotation marks and citation omitted).

Although claim preclusion is an affirmative defense to be pleaded in a defendant's answer, *see* Fed. R. Civ. P. 8(c), the Court may, on its own initiative, raise the issue. *See, e.g.*, *Grieve v. Tamerin*, 269 F.3d 149, 154 (2d Cir. 2001) (affirming district court's dismissal on grounds of issue preclusion even though defendant failed to plead that defense, and noting that "principles of preclusion involve" not only "the rights and interests of the parties," but also "important interests of the public and the courts in avoiding repetitive litigation and potentially inconsistent decisions"); *Doe v. Pfrommer*, 148 F.3d 73, 80 (2d Cir. 1998) (affirming *sua sponte* application of collateral estoppel in motion for summary judgment); *Salahuddin v. Jones*, 992

F.2d 447, 449 (2d Cir. 1993) ("The failure of a defendant to raise *res judicata* in [an] answer does not deprive a court of the power to dismiss a claim on that ground.").

The elements of claim preclusion are satisfied here. Plaintiff previously asserted his claims against Beach, Jones, and the Dutchess County District Attorney's Office in *Harris I*, based on the same events that Plaintiff describes in this complaint. Those previous actions were adjudicated on the merits. A "dismissal for failure to state a claim operates as 'a final judgment on the merits and thus has *res judicata* effects.'" *Garcia v. Superintendent of Great Meadow Corr. Facility*, 841 F.3d 581, 583 (2d Cir. 2016) (quoting *Berrios v. N.Y.C. Hous. Auth.*, 564 F.3d 130, 134 (2d Cir. 2009)).[5]

Because Plaintiff's present claims arise out of the same transactions and occurrences that were the subject of previous actions in this Court, these claims are barred by the doctrine of claim preclusion. Plaintiff cannot litigate these claims anew in this action. The Court therefore dismisses Plaintiff's complaint for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Conopco, Inc. v. Roll Int'l*, 231 F.3d 82, 86 (2d Cir. 2000) (holding that dismissal for failure to state a claim is appropriate where "it is clear from the face of the complaint, and matters of which the court may take judicial notice, that the plaintiff's claims are barred as a matter of law" by claim preclusion).

## DENIAL OF LEAVE TO AMEND AND WARNING

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988).

---

[5] Plaintiff does not allege that the underlying conviction has been vacated, overturned, or otherwise invalidated. Accordingly, *Heck* still bars his claim for money damages arising from the conviction.

Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint.

Plaintiff has filed several complaints arising out of the same events. In light of Plaintiff's litigation history, this Court finds that Plaintiff was or should have been aware when he filed this action that his claims lacked merit. *See Sledge v. Kooi*, 564 F.3d 105, 109-110 (2d Cir. 2009) (discussing circumstances where frequent *pro se* litigant may be charged with knowledge of particular legal requirements). Plaintiff is warned that further duplicative or nonmeritorious litigation in this Court could result in an order barring Plaintiff from filing new actions IFP without prior permission. *See* 28 U.S.C. § 1651.

## CONCLUSION

Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

SO ORDERED.

Dated:   January 3, 2022
        New York, New York

                /s/ Laura Taylor Swain
                LAURA TAYLOR SWAIN
                Chief United States District Judge